IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40967
USDC No. 1:97-CV-433
_____

JAMES ISHMAEL TIBBS,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
---------------------

April 20, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

James Ishmael Tibbs, Texas prisoner # 702590, seeks a certificate of appealability (COA) from the denial of his petition filed pursuant to 28 U.S.C. § 2254.  This court issues a COA only if the petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Tibbs fails to make this required showing with any of the following claims:  1) illegal extradition from Oklahoma to Texas; 2) illegal arrest and detention in Oklahoma; 3) ineffective

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assistance of counsel on appeal; 4) his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment; 5) the trial court's erroneous evidentiary hearings rendered his trial fundamentally unfair; and 6) the Antiterrorism and Effective Death Penalty Act did not apply to his case. The court is without jurisdiction to consider Tibbs' claims of ineffective assistance of trial counsel as they are raised for the first time in his request for a COA in this court. See Whitehead v. Johnson, 157 F.3d 384, 387-88 (5th Cir. 1998). Accordingly, we DENY a COA on these issues.

A COA is GRANTED IN PART on the issue whether a nonjuror was present during the punishment phase of deliberations, and if so, whether this amounted to jury contamination. See Remmer v. United States, 347 U.S. 227, 229 (1954). The case is VACATED AND REMANDED to the district court for further proceedings on this issue.

COA GRANTED IN PART AND DENIED IN PART; VACATED AND REMANDED.